Pearson, J.
 

 In the case of
 
 Gaither
 
 v.
 
 Teague.
 
 4 Ire. 65, the bill of sale, like the one in this case, was upon a condition precedent. The decision in that case assumes, that the property remained in the vendor, and he would be entitled to recover, unless the price had been paid. It is the misfortune of the defendant that Cline, his vendor., has. not paid-for the-horse, so as to vest the title by a-performance of the condition. We concur with his Honor, that the bill of sale was not a mortgage; but a. sale, to take-effect if the price was paid. There is no statute requiring such bills of sale to-be registered! Should the practice of making such bills of sale become common, how far the evil of allowing an intended vendee to have possession and thereby acquire a false credit, while the vendor retains the title,, will require legislative interference, and may be a matter for the consideration of the General Assembly. Our duty is to declare the law, not to make it. Admit that„in this case, the suggestion of allowing the title-to remain with the plaintiff’s intestate was. made by Cline, for the purpose of defrauding his creditors and preventing them from having-the mare levied upon and sold for his debts, and that the defendant afterwards,
 
 bona fide,
 
 bought the mare from Cline, it cannot avail the defendant, because, as Cline had no vested right of property, the defendant could acquire-none from him.. The statutes of L3th and 27th
 
 Elizabeth
 
 have no application to cases like the present. Those statutes apply to cases, where one has the right of property and transfers it, with the intent to defraud creditors and purchasers. The transfer is declared void and the property remains his, subject to the rights of creditors and purchasers. When one has not the right of property, to-declare a ti’ansfer by him to be-void, would-be absurd, and it would be equally so to de«
 
 *180
 
 clare the transfer to him to be void. For instance, in this case, if the bill of sale by the plaintiff’s intestate to Cline be declared void, because of the intent to deceive creditors, the title would still remain in the intestate as the plaintiff now alleges. The remedy would be to provide exactly the reverse, that is, that the transfer shall be valid, and pass the title with the possession.
 

 Ter Curiam
 

 Judgment affirmed.